# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8357-GW-GJSx | Date | December 3, 2020 |
|---|---|---|---|
| Title | *Janet Snyder v. Teva Pharmaceuticals USA, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Timothy M. Clark | Allison L. Jones |
| Robert M. Hammers, Jr. | Rex A. Littrell |

**PROCEEDINGS:** TELEPHONIC HEARING ON PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA STATE COURT [11]


The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is TAKEN UNDER SUBMISSION. Court to issue its ruling.

| | : | 30 |
|---|---|---|
| | Initials of Preparer | JG |

<u>*Janet Snyder v. Teva Pharmaceuticals USA, Inc. et al.*</u>; Case No. CV-20-8357-GW-(GJSx)
Tentative Ruling on Motion to Remand

### I.     Background[1]

The parties dispute whether the plaintiff fraudulently joined a non-diverse defendant in this products liability lawsuit in order to avoid federal jurisdiction.  For the reasons discussed below, the Court finds that the non-diverse defendant was not fraudulently joined and therefore **GRANTS** the plaintiff's motion to remand.

A.   <u>Factual background</u>

In 2014, plaintiff Janet Snyder had a intrauterine device, the ParaGard T380A Intrauterine Copper Contraceptive, implanted.  *See* Compl. ¶¶ 54-55.  In August 2018, Snyder's physician tried to remove the ParaGard, but a part of the ParaGard broke while still inside Snyder's body.  The physician was unable to remove the part, and so a month later Snyder underwent surgery to remove it.  *Id.* ¶¶ 57-58.

Snyder brought this products liability lawsuit alleging that the ParaGard devices were defective because they broke too easily when removed.[2]  She filed her lawsuit in Los Angeles County Superior Court against the following defendants: (1) Teva Pharmaceuticals USA, Inc.; (2) Teva Women's Health, LLC; (3) Teva Women's Health, Inc.; (4) The Cooper Companies, Inc. ("CooperCo"); and (5) CooperSurgical, Inc.  The defendants removed the case to federal court on the basis of diversity jurisdiction.  *See* NoR.  Although CooperCo is a California corporation and Snyder is a California citizen, the defendants argue that there nevertheless is diversity jurisdiction because CooperCo was fraudulently joined by Snyder.

B.   <u>The alleged connection between CooperCo and the ParaGard</u>

Snyder argues that there are two grounds for her to bring claims against CooperCo, and that either of them on their own would be sufficient to show that CooperCo was not fraudulently joined.

First, she puts forth a successor-liability theory.  This argument is based on a 2017 asset

---

[1] The following abbreviations are used for the filings: (1) Notice of Removal ("NoR"), ECF No. 1; (2) Complaint ("Compl."), ECF No. 1-2; (3) Plaintiff's Motion to Remand ("Mot."), ECF No. 11; (4) Asset Purchase Agreement ("APA"), ECF No. 11-2; (5) Defendants' Opposition to Plaintiff's Motion to Remand ("Opp."), ECF No. 25.

[2] She alleges state law claims for negligence, design and manufacturing defects, failure to warn, fraud, negligent misrepresentation, and breach of express and implied warranties.  *See* Compl.

1

purchase, in which CooperSurgical purchased the ParaGard assets (including the manufacturing facility in Buffalo, NY) for $1.1 billion from Teva Pharmaceutical Industries Ltd. (an Israeli company that is not party in this case). *See* APA at 1 of 121. CooperSurgical is a wholly-owned subsidiary of CooperCo. *See* APA at 117 of 121. Snyder argues that as a result of this purchase, CooperCo assumed all of the Teva defendants' pre-purchase liabilities arising from the ParaGard business, including Snyder's claims in this lawsuit.

Second, Snyder argues that as a result of the 2017 purchase, CooperCo assumed a continuing duty to warn all existing customers, such as Snyder, about the alleged defects with the ParaGard devices. *See* Mot. at 2. According to Snyder, CooperCo breached this duty that it owed to her.

## II.     Legal Standard

Although diversity jurisdiction usually requires complete diversity of citizenship, that requirement is relaxed "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Joinder can be fraudulent in one of two ways. First, there can be "actual fraud in the pleading of jurisdictional facts." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548-49 (9th Cir. 2018). Second, it can be fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (quoting *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id*. at 1044.

The burden of proving a fraudulent joinder is a heavy one because the removing defendant must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against it in state court. *See GranCare,* 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" (alteration in original)).

## III.    Discussion

Generally, when a company sells or otherwise transfers its assets to another company, the

purchaser is not liable for the debts and liabilities of the seller. There are exceptions for when: "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." *Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1327 (2012).

CooperSurgical – not its parent, CooperCo – purchased the ParaGard assets in 2017. *See* APA at 5 of 121. Therefore, assuming Snyder's continuing-duty and successor-liability theories are correct, it was CooperSurgical that assumed the continuing duty to warn existing customers and it was CooperSurgical (on a theory of successor liability) that assumed any pre-existing liabilities of the seller.

Generally, a subsidiary and its parent are separate entities. However, alter ego liability provides an exception where a parent company may be held responsible for a subsidiary's liabilities.

Accordingly, to be able to assert claims against CooperCo, Snyder must first show that she can assert a plausible claim against CooperSurgical, and then provide some grounds for alter ego liability. Under California law, "the plaintiff must establish a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist; and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir.2001) (internal quotation marks omitted) (alterations in original).

While the defendants' arguments against the weakness of Snyder's arguments are well taken, given the heavy burden, the Court finds that they have not shown fraudulent joinder here. It is true that Snyder did not allege much to support a showing of alter ego liability, beyond some "specific facts that Cooper directs the actions of CooperSurgical." Mot. at 6. Her arguments that CooperCo had a continuing duty to warn or that CooperCo is liable on a successor theory because there was a fraudulent transfer involved gloss over this intermediate, but necessary step of showing alter ego liability to connect CooperSurgical to CooperCo.

In evaluating whether there is fraudulent joinder, the bar is simply whether "there is *any* possibility that the state law might impose liability on a resident defendant," *Hunter*, 582 F.3d at 1044 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir.

3

2007)) (emphasis added). This is a very low bar. Even the fact that a plaintiff's claim against a particular defendant cannot withstand a Rule 12(b)(6) motion does not necessarily mean that that defendant was fraudulently joined. *See Grancare*, 889 F.3d at 550 ("If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true.").

Snyder has met this low bar. The Court is satisfied that Snyder could establish liability against CooperSurgical on, for example, the grounds that it breached a continuing duty to warn. The defendants' only argument against that is to note that CooperCo itself never manufactured any ParaGard devices. *See* Opp. at 11, n. 7. They make much of the fact that CooperCo is a holding company and "does not manufacture or sell any products." *Id.* at 10. However, this argument does nothing to address whether CooperSurgical had a continuing duty to warn. Rather, it goes towards whether or not there is a viable alter ego theory of liability to hold CooperCo responsible for CooperSurgical's liabilities (such as a breach of its continuing duty to warn). The fact that CooperCo is merely a holding company and that defendants do not assert that the two entities do not share any officers or directors means that, in the Court's view, it is sufficiently plausible that CooperCo could be held liable on an alter ego theory of liability. *See* Opp. at 4 (observing that "none of the officers of CooperSurgical is an officer of Teva USA, TWH, Inc., or TWH, LLC; and none of the directors of CooperSurgical is a director of Teva USA, TWH, Inc., or TWH, LLC").

## IV.   Conclusion

Based on the foregoing discussion, the Court **GRANTS** the motion.

4